## COLCLASURE v. STATE.

Opinion delivered October 6, 1919.

NIGHT RIDING—THREATENING MESSAGE—EVIDENCE—INCOMPETENCY.— Defendant was convicted under act of 1909, page 315, known as the statute against night riding. As the representative of an organization using a certain building, defendant went to one O., giving him three days' notice to vacate the building. *Held*, testimony by O. is incompetent, that before defendant came to him he found a message tacked on his door, telling him to get out or that he would be burned out. *Held*, evidence of the notice was inadmissible, there being no evidence connecting defendant with it in any way.

Appeal from Johnson Circuit Court; *A. B. Priddy*, Judge; reversed.

*Paul McKennon*, for appellant.

1. The continuance should have been granted for the testimony of Jess Accord.

2. The testimony fails to show a design on part of defendant or any member of the union to resort to violence.

3. Testimony as to a former written notice was not competent, as defendant was not shown to have been connected with the posting of this notice on the door.

4. It was error to exclude the evidence of Ward Dunlap and in admitting the remarks of the State's attorney before the jury.

*John D. Arbuckle*, Attorney General, and *Robert C. Knox*, Assistant, for appellee.

1. The motion for continuance was properly over-ruled, as no abuse of discretion by the court is shown. 40 Ark. 144; 26 *Id.* 323; 79 *Id.* 594; 109 *Id.* 450; 110 *Id.* 402; 94 *Id.* 169.

2. The absent witness was a resident of Oklahoma; this is shown on the face of the motion. 110 Ark. 402; 90 *Id.* 384; 103 *Id.* 509.

3. There was no error in permitting evidence and argument as to the assault made on prosecuting witness nor in permitting witness to testify that Jamestown had been union or nonunion, nor in admitting testimony that a threatening message had been placed on the door and that prosecuting witness had employed a person to guard his premises. The State could not impeach its own witness. Kirby & Castle's Digest, § 3440.

4. Appellant was not denied the right to cross-examine the witness, Grey.

McCULLOCH, C. J. Appellant was indicted by the grand jury of Johnson County for violation of law constituting a felony under the act of March 6, 1909, known as the statute against night-riding. Acts 1909, p. 315. Sections 1 and 3, bearing on this particular case, read as follows:

"If two or more persons shall unite, confederate or band themselves together for the purpose of doing an unlawful act in the night time, or for the purpose of doing any unlawful act while wearing any mask, white caps or robes, or being otherwise disguised, or for the purpose of going forth armed or disguised for the purpose of intimidating or alarming any person, or to do any felonious act, or if any person shall knowingly meet or act clandestinely with any such band or order, be such organization known as night-riders, black hand, white caps, or by any other name, they shall each be guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for a term not to exceed five years.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"If any person shall by means of any writing, drawing or printed matter, or by any sign or token, such as

the delivery of matches or bundles of switches or other things, seek to intimidate, threaten or alarm any person, or shall knowingly be connected either in the preparation or delivery of any such message or token, by saying or intimidating, even in the wording of any such message, or by any signature, or by the nature of the thing left or delivered; or who shall deliver or repeat any verbal message purporting to come from any such organized band or any member or members thereof, which in its substance or nature is intended to intimidate or threaten any person, shall be deemed guilty of a felony and upon conviction shall be confined in the penitentiary for a term of not less than one or more than seven years.''

The indictment charges an offense under the last paragraph of section 3 and alleges that at the time and place named in the indictment appellant delivered to one Oberle a verbal message purporting to have come from a certain band united together for the purpose of committing in the night time trespass and arson, which message was in substance as follows: ''If you don't get out of here by next Saturday night, we will burn you out.'' On the trial of the case appellant was convicted, and he prosecuted an appeal to this court.

It appears from the testimony that appellant was a coal miner at Jamestown, in Johnson County, and was a member of the local miners' union, which said organization was the owner of a building in Jamestown at the time of this occurrence and which had been for some time occupied as a storehouse by Frank Oberle, who is a naturalized citizen of German birth. There was ill feeling against Oberle on the part of the inhabitants of that community on account of alleged statements of the latter indicating disloyalty to the government, and the proof also tends to show that for a year or two past the members of the union had been desirous of canceling the lease with Oberle for the occupancy of the building.

The verbal message in question is said to have been delivered during the forenoon of a certain Thursday, and purported to have come from a meeting of the miners'

union. The meeting had been held, according to the testimony, the night before. The testimony of Oberle and another witness was that the message was a threatening one, in substance the same as that set forth in the indictment.

Appellant testified that at the meeting on Wednesday night the local union decided to demand possession of the building from Oberle; that the union delegated to him (appellant) the duty of making the demand, and that he merely went to Oberle's place of business the next day and made the demand. He testified that all that he said to Oberle was that he had been sent down there to give notice for the building to be vacated in three days, and that he delivered no threatening message. There was a sharp conflict in the testimony, not only as to the exact language of the message, but also as to the substance thereof. Oberle was permitted to testify, over appellant's objection, that, on Tuesday morning preceding the occurrence above set forth, he found a written notice on his door in the following words: "Hello! you better get out by next Saturday night or we are coming to burn you out; but do not wait until the last hour. Good-bye.".

There was no testimony tending to show a design on the part of appellant or any of the members of the miners' union prior to the meeting of the union on Wednesday night to resort to violence in bringing about Oberle's removal from the building unless the written notice posted on the door is held to be competent evidence for that purpose. Nor was there any evidence tending to show that appellant or any members of the union had anything to do with the posting of that notice. It was purely a matter of conjecture as to the identity of the person or persons who posted the notice, and there was nothing to warrant the inference that appellant or the other members of the union did it. Such being the case, we are of the opinion that testimony as to the contents of that notice was incompetent. It was certainly prejudicial because if the jury took it into consideration at all they accepted it as corroborative of Oberle's testimony as to the character of

message which appellant delivered on Thursday morning. Of course, if there had been evidence tending to connect appellant, or those with whom he was associated in the enterprise, with the posting of this notice, it would have been competent for the purpose mentioned above, but in the absence of such testimony it made it possible for the jury to draw an inference which was not justified by the proof in the case. We have no means of determining to what extent the verdict of the jury was influenced, and the only way in which the error can be corrected is to grant a new trial.

There are other errors assigned, but they relate to matters which will not necessarily arise in the next trial, and they need not, therefore, be discussed in this opinion.

Reversed and remanded for a new trial.